**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **TAMMY E. GRIGSBY** | : | **CASE NO.:**　　1:12-CV-753 |
| c/o Minnillo & Jenkins, Co. LPA | : | |
| 2712 Observatory Avenue | : | |
| Cincinnati, OH 45208 | : | |
| | : | |
| **Plaintiff,** | : | **Judge** |
| | : | |
| v. | : | |
| | : | |
| **SPRINGBORO COMMUNITY CITY** | : | **COMPLAINT** |
| **SCHOOL DISTRICT BOARD OF** | : | |
| **EDUCATION** | : | |
| 1685 South Main Street | : | |
| Springboro, OH 45066 | : | **TRIAL BY JURY REQUESTED** |
| | : | |
| **KELLY KOHLS** | : | |
| c/o Springboro Community City School District | : | |
| Board of Education | : | |
| 1685 South Main Street | : | |
| Springboro, OH 45066 | : | |
| | : | |
| **DON MILLER** | : | |
| c/o Springboro Community City School District | : | |
| Board of Education | : | |
| 1685 South Main Street | : | |
| Springboro, OH 45066 | : | |
| | : | |
| **DAVID PETRONI** | : | |
| c/o Springboro Community City School District | : | |
| Board of Education | : | |
| 1685 South Main Street | : | |
| Springboro, OH 45066 | : | |
| | : | |
| **JAMES RIGANO** | : | |
| c/o Springboro Community City School District | : | |
| Board of Education | : | |
| 1685 South Main Street | : | |
| Springboro, OH 45066 | : | |
| | : | |
| **SCOTT ANDERSON** | : | |
| c/o Springboro Community City School | : | |
| District Board of Education | : | |
| 1685 South Main Street | : | |
| Springboro, OH 45066 | : | |
| | : | |
| **Defendants.** | : | |

Plaintiff, Tammy Grigsby, for her Complaint against Defendants Springboro Community City School District Board of Education, Kelly Kohls, Don Miller, David Petroni, James Rigano, and Scott Anderson states as follows:

## I.  PRELIMINARY STATEMENT

1.      This is a federal civil rights action under 42 U.S.C. § 1983 for the withdrawal of a teaching position offered to Plaintiff Tammy Grigsby by the Springboro Community City School Board of Education due to and in retaliation for Ms. Grigsby's First Amendment protected speech, political activity and affiliation with "Neighbors for Springboro Schools," a group that advocated for the passage of school levies and spoke out about other matters of public concern relating to the public schools in Springboro, Ohio, which efforts and activities were opposed by Defendants.

2.      Ms. Grigsby seeks compensatory damages, economic losses, punitive damages, declaratory and injunctive relief and reasonable attorney fees and costs in this matter.

## II.  JURISDICTION

3.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and § 1343. Federal jurisdiction is appropriate in this case to secure protection under and redress deprivations of rights conferred by the First Amendment of the United States Constitution to be free to speak out on matters of public concern and engage in political activity without fear of retribution from public entities or individuals acting under color of law, such as the individual defendants in this case, who control and direct the actions of public entities.

4.      This Court may exercise supplemental jurisdiction over Ms. Grigsby's state law claims pursuant to 28 U.S.C. § 1367 because these claims arise out of the same nucleus of operative facts as the federal claims.

5.     Venue with this Court is appropriate because all of the actions out of which these claims arose occurred within the Southern District of Ohio.

### III. PARTIES

6.     Plaintiff, Tammy Grigsby, is a resident of Warren County, Ohio. Ms. Grigsby is duly licensed by the Ohio Department of Education as an educator in integrated mathematics for grades seven through twelve.

7.     Defendant Board of Education of Springboro Community City School District ("School Board") is a political sub-division of the state of Ohio located in Warren County Ohio which operates and maintains a public school system under applicable state law.

8.     Defendant Kelly Kohls is and was at all times material hereto the vice-president or president of the School Board. Defendant Kohls is sued in her individual capacity with respect to damages and in her official capacity with respect to Plaintiff's claim for and entitlement to equitable relief.

9.     Defendant Don Miller is and was at times material hereto a member of the School Board. Defendant Miller is sued in his individual capacity with respect to damages and in his official capacity with respect to Plaintiff's claim for and entitlement to equitable relief.

10.    Defendant, David Petroni, is and was at times material hereto a member of the School Board. Defendant Petroni is sued in his individual capacity with respect to damages and in his official capacity with respect to Plaintiff's claim for and entitlement to equitable relief.

11.    Defendant James Rigano is and was at times material hereto a member of the School Board. Defendant Rigano is sued in his individual capacity with respect to damages and in his official capacity with respect to Plaintiff's claim for and entitlement to equitable relief.

12.     Defendant Scott Anderson was at all times material hereto the president of the School Board.  Defendant Anderson is sued in his individual capacity with respect to damages and in his official capacity with respect to Plaintiff's claim for and entitlement to equitable relief.

## IV.  STATEMENT OF THE CLAIMS

13.      Ms. Grigsby resides within the Springboro Community City School District and has four children who currently attend or have attended the district's schools at various times. Over the last several years, Ms. Grigsby has been actively involved in and served as chairperson of a group known as "Neighbors for Springboro Schools" that has publicly advocated in favor of school levies to provide additional funding for the Springboro Community City School District, and has spoken out publicly on matters of public concern relating to Springboro Public Schools.

14.     The Springboro Community City School District has placed levies on the ballot five times during the last four years.  In each instance, the proposed levy failed.  The 2010 proposal failed by a vote of 6,785 to 6,130.  A 2009 levy failed by 111 votes.

15.     Significant public controversy has surrounded funding and related personnel issues at the Springboro Community City School District during the last several years.  A recent article noted that "since 2010, the district has employed three superintendents and four treasurers, and had two school board presidents resign midterm."  ("District Sees Multiple Changes This Year," *Dayton Daily News*, Aug. 11, 2012).  School Board member Petroni attributed a "rift in the community" to the District's funding issues and the adjustments to operations adopted by the School Board to compensate for the repeated failure of levies.  *Id.*

16.     Ms. Grigsby was employed by the Middletown, Ohio School District as a math teacher during the 2011-2012 school year.  In or around June 2012, Ms. Grigsby learned of an opening for a math teacher at Springboro High School.  She was encouraged to apply for the

position by a Springboro teacher with whom she was acquainted.  Ms. Grigsby applied for the position.

17.    Upon information and belief, a committee composed of two groups was assigned the task of interviewing candidates and making a selection to fill the math teacher position.  The first group consisted of an assistant principal, the math department chair and a guidance counselor.  The first group conducted an initial round of interviews and recommended candidates to the second group, which consisted of the principal, two assistant principals and the district curriculum director.  The second group conducted a second round of interviews and then selected the final candidates to recommend to the School Board.

18.    Ms. Grigsby interviewed with both groups and was selected by the committee as the candidate to be hired for the math teacher position at Springboro High School.

19.    On or around June 12, 2012, Ms. Grigsby was told by the assistant principal that she had been selected and was being offered the position as a math teacher at Springboro High School.

20.    A few days later, on or about June 14, 2012, the assistant principal told Ms. Grigsby that "we have a problem."  The assistant principal reported that, although the committee had been tasked with the job of filling the math teacher position Ms. Grigsby had been offered, the superintendent had changed his mind and decided to conduct an additional round of interviews himself to make the selection.

21.    Ms. Grigsby participated in a third interview with the then superintendent of the Springboro Community City School District, Gene Lolli, on or about June 22, 2012.  Approximately one week later, Ms. Grigsby learned that Mr. Lolli had submitted a list of candidates for the position to the School Board and that Ms. Grigsby's name was not on the list.

22.     Ms. Grigsby called Mr. Lolli to inquire what had happened.  Mr. Lolli explained that the third set of interviews conducted by him was done at the direction of the School Board, particularly the former vice president (now acting president) Kelly Kohls, who represented that she spoke for the School Board, to legitimize the withdrawal of the offer to Ms. Grigsby and conceal the fact that Ms. Grigsby was being denied the position for which she had been selected because of her First Amendment protected activity (i.e., her public comments and work with Neighbors for Springboro Schools).

23.     Upon information and belief, Defendant Kohls instructed Mr. Lolli, on behalf of the School Board, to withdraw the offer from Ms. Grigsby and to ensure that Ms. Grigsby's name was not included among the candidates for employment recommended to the School Board.

24.     Despite the fact that Ms. Grigsby was selected for the math teacher position by the committee assigned to select the most suitable candidate, Defendant Kohls and other Defendant School Board members objected to the hiring of Ms. Grigsby because of her First Amendment protected activity and her political affiliation – particularly, her advocacy for the passage of school levies to fund public education in Springboro through and on behalf of Neighbors for Springboro Schools.

25.     Upon information and belief, Defendant Kohls and the other Defendant Board members harbored animus towards Ms. Grigsby because of her First Amendment protected activity.  Upon information and belief, Ms. Kohls and/or several other Defendant Board members are or were active in a group known as "Educate Springboro" that opposed the passage of one or more proposed Springboro levies.  Likewise, under Defendant Kohls' leadership, the School Board recently relinquished its membership in the Ohio Association of School Boards

and joined the "Ohio School Board Leadership Council," a new group self-described as "your conservative alternative to understanding education funding, spending and legislative reform" which is chaired by Defendant Kohls.

26.     Ms. Grigsby was denied the math teacher position by Defendants because of her First Amendment protected speech, political activity and political affiliation, under color of state law and in violation of the rights guaranteed to her by the United States Constitution.

27.     Defendant Kohls acted to cause Ms. Grigsby to be denied the math teacher with the approval and encouragement of the Defendant School Board such that the conduct complained of herein was condoned by and constitutes the official policy of the School Board.

28.     In undertaking to deny Ms. Grigsby the math teacher position for which she had been selected because of her First Amendment protected activity and affiliation, Defendants acted with malicious intent to retaliate against Ms. Grigsby because of such activity and with the purpose to cause her to suffer a deprivation of a Constitutional right.

29.     The right to be free from discrimination and/or retaliation for speaking out publicly on matters of public concern, including specifically but not limited to public school funding and levies, has been clearly established as a matter of law for many years. *See e.g. Pickering v. Board of Education*, 391 U.S. 563 (1968) ("the question whether a school system requires additional funds is a matter of legitimate public concern . . . On such a question free and open debate is vital to informed decision-making by the electorate. . . Accordingly, it is essential that they [teachers] be able to speak out freely on such questions without fear of retaliatory dismissal.").

30.     At the time Defendants caused Ms. Grigsby to be denied the math teacher position for which she had been selected, the right of a public employee to be free from discrimination

and retaliation for her political association and for exercising her right of expression on matters of public concern was clearly established by the United States Supreme Court and the courts of this judicial circuit and district and should have been known to any reasonable supervisor and official in public employment, including specifically but without limitation members of the Springboro Community City School District Board of Education.

31.     Defendant School Board members, including specifically but not limited to Defendant Kohls, were well aware that their withdrawal of the offer to Ms. Grigsby due to her First Amendment protected activity and affiliation violated her constitutional rights.  They demonstrated that awareness through their actions.  The third round of interviews for the position by superintendent Gene Lolli was implemented after Ms. Grigsby had been selected for the position to attempt to conceal the Defendants' unlawful purpose by giving the false impression that another candidate was selected by Mr. Lolli.  The true reason for the withdrawal of the offer to Ms. Grigsby was the School Board's objection to her First Amendment protected activity.

32.     The math teacher position offered to Ms. Grigsby and then withdrawn by Defendants because of her First Amendment protected activity and affiliation was neither a policymaking nor confidential position.  Accordingly, Ms. Grigsby was entitled to the full protection of the First Amendment with respect to her consideration for this position.

33.     The actions taken by Defendants – causing the offer of the math teacher position at Springboro High School to Ms. Grigsby to be withdrawn and denying her the position – were undertaken purposely and maliciously and in conscious and willful disregard of Ms. Grigsby's rights to free expression, political affiliation and to be free from retaliation for speaking out on matters of public concern under the First Amendment to the United States Constitution.

34.     As a direct and proximate result of these acts of discrimination and retaliation, Ms. Grigsby has suffered economic damages in the form of back pay, employment benefits, lost economic opportunities, damage to her professional reputation and non-economic damages in the form of humiliation and emotional distress.

## V.  STATEMENT OF CLAIMS

### COUNT I

35.     Plaintiff reiterates and incorporates by reference paragraphs one through thirty-four as if fully rewritten.

36.     The actions of Defendants with respect to Ms. Grigsby's employment (i.e., the withdrawal of the offer of the math teacher position at Springboro High School and the denial of that position thereafter) constitute a violation of Plaintiff's right to be free from retaliation for exercising her constitutionally protected right of free speech on a matter of public concern.

### COUNT II

37.     Plaintiff reiterates and incorporates by reference paragraphs one through thirty-six as if fully rewritten.

38.     The actions of Defendants with respect to Ms. Grigsby's employment (i.e., the withdrawal of the offer of the math teacher position at Springboro High School and the denial of that position thereafter) constitute a violation of Plaintiff's right to be free from discrimination based on political activity or affiliation.

### COUNT III

39.     Plaintiffs reiterates and incorporates by reference paragraphs one through thirty-eight as if fully rewritten.

40.     The actions of Ms. Kohls and the School Board member Defendants with respect to Ms. Grigsby's employment (i.e., causing the withdrawal of the offer of the math teacher position at Springboro High School and the denial of that position thereafter) constitute intentional tortious interference with employment relations and/or prospective employment relations in violation of Ms. Grigsby's rights under Ohio common law.

41.     The individual Defendants acted with malicious purpose, in bad faith, and in a wanton and reckless manner.  The individual Defendants acted out of personal animus and not in furtherance of the interests of the School Board.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Tammy Grigsby demands judgment against the Defendant Board of Education and its members, individually, as follows:

1.     Judgment directing Defendants to immediately instate Plaintiff to the math teacher position offered to her or, in failure thereof, to award Plaintiff front pay;

2.     Judgment awarding Plaintiff the value of her lost back pay and benefits in an amount to be determined by the evidence at trial;

3.     Judgment awarding Plaintiff compensatory damages for her emotional distress and humiliation in an amount to be determined by the evidence at trial;

4.     Judgment awarding Plaintiff punitive damages in an amount to be determined by the evidence at trial;

5.     Judgment awarding Plaintiff compensatory damages for damage to her professional reputation and the loss of future economic opportunities resulting from the denial of the math teacher position at Springboro High School;

6.      Declaratory relief holding that the Defendants violated Plaintiff's constitutionally protected rights;

7.      Injunctive relief to prevent Defendants from engaging in similar conduct in the future;

8.      Judgment awarding Plaintiff her reasonable attorney fees and costs in this matter;

9.      Judgment awarding Plaintiff such other relief in law and equity to which she is entitled under the premises.

Respectfully submitted,

**MINNILLO & JENKINS, Co. LPA**

/s/ Christian A. Jenkins
CHRISTIAN A. JENKINS (Ohio Bar No. 0070674)
NIRO M. WIJESOORIYA (Ohio Bar No. 0079780)
2712 Observatory Avenue
Cincinnati, Ohio 45208
Telephone (513) 723-1600
Telecopier (513) 723-1620
cjenkins@minnillojenkins.com
Trial counsel for Plaintiff Tammy Grigsby

**JURY DEMAND**

Plaintiff hereby demands that all issues of fact in the forgoing Complaint be tried to a jury.

/s/ Christian A. Jenkins
CHRISTIAN A. JENKINS (Ohio Bar No. 0070674)